IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SUSAN BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 10-CV-01257-KHV-DJW |
| v. | ) |
| | ) |
| PROMISE REGIONAL | ) |
| MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the following motions: Defendant Promise Regional Medical Center's Motion for Protective Order (ECF No. 55); Plaintiff Susan Baker's Motion for Reconsideration (ECF No. 59); Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion to Establish a New Discovery Schedule and Memorandum as Untimely and Improperly Filed (ECF No. 61); and Defendant's Motion to Enforce Amended Scheduling Order (ECF No. 68). For the reasons stated below, the Motion for Protective Order is denied as moot, the Motion to Strike is granted, the Motion to Reconsider is granted, and the Motion to Enforce Amended Scheduling Order is denied as moot.

**I. Motion for Protective Order**

Defendant moves the court for a protective order staying the deposition of Jennifer Rodgers. In response, Plaintiff's counsel states that he has "decided to forgo the taking of Jennifer Rodgers' deposition" and "does hereby give notice of the cancellation of the deposition of Jennifer Rodgers' deposition." Accordingly, the Court denies this motion as moot.

**II. Motion for Reconsideration**

The Court sets forth the following factual background as relevant to the remaining pending motions:

On September 14, 2011, the Court entered an Amended Scheduling Order, setting October 15, 2011 as the deadline for Plaintiff's expert witness disclosures.[1] On November 14, 2011, Defendant timely filed its disclosure of expert witnesses.[2] On November 22, 2011, plaintiff filed a motion to amend the scheduling order, titled "Motion to Establish a New Discovery Schedule." Plaintiff's motion sought to extend her expert witness disclosure deadline to March 1, 2012, and set new deadlines to complete discovery. As this motion, to be timely, needed to be filed before the original deadline had expired (October 15, 2011), this motion was filed over one month out of time.

Under D. Kan. Rule 6.1, motions for extensions of time to perform an act must be filed before the specified time expires. If a party requests an extension after the specified time expires, a court may grant an extension only upon a showing of excusable neglect.[3] On December 8, 2011, this Court entered a text entry order,[4] converting a pretrial conference set for December 9, 2011 into a telephone status conference and hearing on Plaintiff's motion to amend the scheduling order (ECF No. 44). On that same date, Defendant filed an untimely response in opposition to Plaintiff's motion to amend the scheduling order, filed two days past the deadline to respond.[5]

---

[1] *See* ECF 40.

[2] *See* ECF 43.

[3] *See* D. Kan. Rule 6.1(a)(4).

[4] *See* ECF 50.

[5] *See* ECF 55.

On December 9, 2011, the Court held a telephone hearing on the motion. As grounds for the extension, Plaintiff's counsel cited in his motion: the difficulty in scheduling depositions, primarily as a result of defense counsel's unavailability; the delay in receiving transcripts of depositions necessary for experts to review, and the fact Plaintiff's counsel's long-time assistant mistakenly calendared the deadline for disclosing experts as November 30, 2011 instead of October 15, 2011. In support of this last factor, Plaintiff's counsel submits the affidavit of his legal assistant, wherein she avers that when she received the Amended Scheduling Order from the Court, she incorrectly docketed Plaintiff's new expert disclosure deadline as November 30, 2011.[6] At the hearing, the Court denied the motion on the basis that Plaintiff failed to show excusable neglect for not timely designating an expert witness.[7]

D. Kan. Rule 7.3(b) governs motions to reconsider on non-dispositive orders:

> A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.

The Court finds, considering all the facts and circumstances of this case, that Plaintiff has made a sufficient showing that a motion to reconsider is warranted to prevent manifest injustice. Absent reconsideration of the Court's ruling, Plaintiff is precluded from presenting expert medical testimony to prove that the medical care she received fell below the standard of care. Without such testimony, Plaintiff contends summary judgment will be granted against her. Thus, the Court determines that Plaintiff has met one of the factors necessary for this Court to entertain a motion to reconsider.

---

[6] *See* Ex. 2 attached to Plaintiff's Memorandum in Support, ECF No. 60, ¶¶ 6, 7.

[7] *See* ECF 53.

In reconsidering Plaintiff's Motion to Establish a New Discovery Schedule, the court must revisit whether Plaintiff's attorney has made a sufficient showing of excusable neglect for filing his motion after the expiration of the deadline. Under D. Kan. Rule 6.1, "[a]bsent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."

The United States Supreme Court has set forth the standard for considering what constitutes "excusable neglect" in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S.380, 113 S.Ct. 1489 (1993). In that case, the Court noted that the ordinary meaning of "neglect" is "'to give little attention or respect'" to a matter, or . . . 'to leave undone or unattended to *esp[ecially] through carelessness.'*"[8] Plaintiff admits to failing to timely docket the court's expert witness disclosure deadline through a clerical calendaring error. Thus, it is uncontested that Plaintiff's counsel neglected the deadline. The question on reconsideration is whether such neglect was excusable.

The Court in *Pioneer* elucidates the meaning of "excusable:"

Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . the length or delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith.[9]

The *Pioneer* court further propounded "it is clear that 'excusable neglect' . . . is a somewhat

---

[8]*Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd Partnership*, 507 U.S. 388, 113 S.Ct. 1494-95 (emphasis in original)(quoting Webster's Ninth New Collegtiate Dictionary 791 (1983); *see also City of Chanute, Kansas v. Williams Natural Gas Co.*, 31 F.3d 104, 1046 (10th Cir. 1994)(quoting *Pioneer*).

[9]*Id.* at 394.

'elastic concept' and is not limited strictly to omissions caused by cirumstances beyond the control of the movant."[10]

While this situation presents a close call, the Court finds in its discretion, under the entire circumstances of the case, and considering the four *Pioneer* factors, that Plaintiff has made a sufficient showing of excusable neglect. The length of the delay in designating Plaintiff's expert was approximately seven weeks – a relatively short time in the context of the litigation proceedings as a whole. The Court sees no danger of prejudice to Defendant, in light of the Court's decision to extend relevant pre-trial deadlines, see *infra*. In addition, there is no evidence that the Plaintiff or her counsel acted in other than good faith.

As to the remaining factor, the reason for the delay, the Court is persuaded by the reasoning in *Harvey v. Via Christi Regional Medical Center*, 05-1114-JTM-DWB (February 28, 2006), a case cited by Plaintiff in support of reconsideration.[11] The facts in *Harvey* are quite similar to the situation here: In *Harvey*, a medical malpractice case, plaintiff filed a motion to designate experts out of time – the scheduling order contained a deadline for expert disclosure of December 6, 2005, and plaintiff filed a motion to extend on February 8, 2006, two months past the deadline. Plaintiff's attorney admitted he did not meet the deadline even though it was entered correctly on his computer system, because the system failed to provide an "alert" 30 days before the deadline. He contended this failure was due to "excusable neglect." As in this case, plaintiff's counsel was not reminded of the deadline until he received the defendant's expert report. Plaintiff's counsel admitted he had "no excuse for nor does he know why the deadline was not met." Judge Bostwick cited *Pioneer* for the meaning of

---

[10]*Id.* at 392.

[11]*See* Plaintiff's Reply Brief, Ex. 1 (ECF No. 70).

"neglect" and held plaintiff did neglect the deadline – the issue was whether such neglect was excusable. Judge Bostwick, in finding excusable neglect, reasoned:

> Plaintiff's motion does not specify whether the computer alert failed to operate or whether counsel simply failed to heed to the alert. Even so, although the circumstances present a "close call," the Court finds that Plaintiff's counsel did not completely ignore or disregard the deadline. Counsel (or his staff, at his direction) went to the effort to place the deadline on his electronic calendar and include a "tickler" to alert him 30 days prior to the deadline.

By analogy, here, Plaintiff's counsel did not completely ignore the deadline – his legal assistant did calendar the deadline, only for the wrong date of November 30th instead of October 15th.

For the foregoing reasons, the Court will grant Plaintiff's Motion to Reconsider and establish a revised discovery schedule.

### III. Motion to Strike Defendant's Opposition to Plaintiff's Motion to Establish a New Discovery Schedule and Memorandum as Untimely and Improperly Filed

On November 22, 2011, Plaintiff filed its Motion to Establish a New Discovery Schedule. Under D. Kan. Rule 6.1(d)(1), any response to this motion was due 14 days later, on December 6, 2011. Defendant filed its response on December 8, 2011, two days past the deadline. Plaintiff now seeks to exclude this response on the grounds of untimeliness.

D. Kan. Rule 7.4(b) governs the filing of responsive briefs and memoranda. It provides:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Here, again, the issue is whether there has been a showing of excusable neglect. Defendant has made no such showing. Indeed, defense counsel did not file any response to Plaintiff's Motion

to Strike.  Defendant has made no effort to offer the Court any explanation as to why it filed its response brief to Plaintiff's Motion to Establish a New Discovery Schedule two days after the deadline.  The court has therefore been presented with no facts upon which it could base a finding of excusable neglect.  The Court, therefore, grants Plaintiff's Motion to Strike Defendant's Opposition Brief as Untimely and Improperly Filed and will consider Plaintiff's Motion to Establish a New Discovery Schedule (ECF No. 44) as an uncontested motion pursuant to D. Kan. Rule 7.4(b).  The Court notes, however, that even were the Court to consider Defendant's response brief, it would still conclude, based upon all the facts and circumstances of this case, and in its discretion, that Plaintiff's Motion to Establish a New Discovery Schedule should be granted, for the reasons set forth in the discussion regarding the motion for reconsideration, contained in section II, *supra*.

**IV. Motion to Enforce the Amended Scheduling Order**

On December 13, 2011, Plaintiff served upon Defendant Plaintiff's written expert witness disclosures (despite the Court's December 9, 2011 order denying Plaintiff's request to extend the expert witness discovery deadline beyond October 15, 2011).  Defendant now seeks an order enforcing the Amended Scheduling Order entered September 14, 2011, which sets Plaintiff's expert disclosure deadline as October 15, 2011.  The Court finds, in light of its ruling, *supra*, granting Plaintiff's motion for reconsideration, that Defendant's Motion to Enforce the Amended Scheduling Order should be denied as moot.  While the Court does not countenance a party acting in derogation of an existing scheduling order, the Court notes that Plaintiff, within three days of serving the expert disclosures,  filed her motion to reconsider.  Under the circumstances, the Court finds that Plaintiff acted in good faith.  Accordingly, Plaintiff's expert witness disclosures served on Defendant December 13, 2011 will be permitted to stand.  Moreover, at a minimum, the final Pretrial Order

deadline and the Pretrial Conference date will need to be reset.[12]  The Amended Scheduling Order of September 14, 2011 is hereby amended.  The proposed final pretrial order is now due on March 23, 2012.  The final pretrial conference is now set for March 27, 2012 at 3 PM by telephone.

**IT IS THEREFORE ORDERED THAT** Defendant Promise Regional Medical Center's Motion for Protective Order (ECF No. 55) is denied as moot.

**IT IS FURTHER ORDERED THAT** Plaintiff Susan Baker's Motion for Reconsideration (ECF No. 59) is granted.  The Amended Scheduling Order of September 14, 2011 is hereby amended.  The proposed final pretrial order is now due on March 23, 2012.  The final pretrial conference is now set for March 27, 2012 at 3 PM by telephone.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion to Establish a New Discovery Schedule and Memorandum as Untimely and Improperly Filed (ECF No. 61) is granted.

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Enforce Amended Scheduling Order (ECF No. 68) is denied as moot.

Dated in Kansas City, Kansas, this 16th day of March, 2012.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

---

[12]On December 8, 2011, the Court converted the date set forth in the Amended Scheduling Order for the Pretrial Conference – December 9, 2011 – into a motion hearing on Plaintiff's Motion to Extend Discovery Deadlines (ECF 44).