**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SUSAN BAKER, INDIVIDUALLY AND ON BEHALF OF THE HEIRS AT LAW OF JACKIE L. SARFF, Deceased | ) ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.   10-1257 KHV-DJW |
| | ) | |
| PROMISE REGIONAL MEDICAL CENTER – HUTCHINSON, INC., f/k/a HUTCHINSON HOSPITAL CORPORATION, | ) ) ) | |
| Defendant. | ) | |
| _____ | ) | |

## PLAINTIFF'S MOTIONS IN LIMINE

COMES NOW the Plaintiff and files this Motion in Limine and moves this Court for an Order prohibiting counsel for the Defense from making any comment, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth below:

1.  **COMPARATIVE FAULT OF PLAINTIFF OR BONNIE SARFF OR JACKIE SARFF**

There is no evidence, expert testimony or allegations in defendant's Pretrial Order alleging Susan Baker, Bonnie Sarff or Jackie Sarff are at fault.   Therefore, at the time of trial, defendants should be precluded from inferring Susan Baker, Bonnie Sarff or Jackie Sarff were in some manner at fault.

**2.      COMPARATIVE FAULT OF ANYONE OTHER THAN DEFENDANT PROMISE REGIONAL MEDICAL CENTER**

There is no evidence, expert testimony or allegations in the Pretrial Order alleging that any other health care providers were at fault for Jackie Sarff's injuries, damages or death other than Promise Regional Medical Center and their employees.

**3.      DEFENDANTS' EXPERTS LIMITED TO OPINIONS CONTAINED IN REPORTS AND DEPOSITION TESTIMONY.**

That no expert witness for Defendants be allowed to testify to opinions that were not contained and set forth in their respective expert reports.  Such testimony would contravene the provisions of the court's Pretrial Order and Discovery Order and would amount to surprise testimony.   Fed. R. Civ. P. 26(b)(6)

**4.      DEFENDANTS ARE SORRY, "APOLOGIZE" OR HAD GOOD INTENTIONS**

Subjective statements of remorse by any party should not be permitted.   This is irrelevant to any issue the jury is to determine. Fed. R. Civ. P. 401(b).   A parties' statements of regret is an improper appeal for jury sympathy which should not be permitted.   The motivations, intentions and mental attitudes of parties are irrelevant to the core issue of due care.   Fed. R. Civ. P. 402

Whether the Defendant acted with good intentions or bad intentions is irrelevant to the issue of whether they acted negligently. Such inquiries would only serve to elicit the jury sympathy for the healthcare providers without adding any probative value.

Similarly, the standard of care is not measured by whether a person or nurse did the best he could but, rather, is measured by how reasonable practitioners would provide care in similar situations.   Doing the best he or she could is neither a defense to or an excuse for negligence and is, thus, irrelevant.   Fed. R. Civ. P. 402


**5.**    **MONEY WILL NOT UNDO DAMAGE**

Any reference or suggestion to the effect that "money won't undo the death injury and the damages the Plaintiff has sustained".   Such a suggestion is an improper appeal for jury sympathy toward the Defendant.   Further, these types of statements invite the jury to disregard it's duty to apply the legal measure of damages which the evidence shows have been caused by Defendant's misconduct and instead, to base a verdict on improper considerations.


**6.**    **COLLATERAL SOURCE PAYMENTS/BENEFITS**

Any reference or suggestion that Jackie Sarff has received benefits of any kind or character from a collateral source, including, but not limited to, the following: (A) Workman's compensation benefits of any and all kinds; (B) Benefits from collateral insurance coverage; (C) Social Security or death benefits; (D) Medicaid or Medicare (except to the extent free services were consumer protection violations); (E) Disability and death benefits which have been made available or which may be available in the future.   The above list is not necessarily exhaustive of all benefits which the Plaintiff seeks to exclude as collateral source benefits.   *See Thompson v. KFB Insurance,* 252 Kan. 1010, 850 P.2d 773 (1993).

The collateral source rule is a common-law rule preventing the introduction of

payments made to or benefits conferred on the injured party from other sources which are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable. Stated another way, the collateral source rule provides that benefits received by the Plaintiff from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer. *Gregory v. Carey,* 246 Kan.504, 508, 791 P.2d 1329 (1990) (citing *Farley v. Engelken,* 241 Kan. 663, 665-66, 740 P.2d 1058 (1987)).   All legislative attempts to abolish the common-law collateral source rule have been struck down as unconstitutional. *See e.g., Farley,* 241 Kan. at 678. The collateral source rule remains good law.

This is irrelevant to the issues now before the court.   These terms should not be allowed at the time of trial.

**7.    AMERICAN TORT SYSTEM OR PLAINTIFF'S LAWYERS IN GENERAL**

Any reference or suggestion or the introduction of any evidence by the defense counsel, directly or indirectly, attacking the American Court System or Plaintiff's attorneys or recent tort reform campaigns.

Neither the American tort system or Plaintiff's attorneys in general are on trial in this case. The trial of this case should not be an opportunity for defense counsel to voice opinions regarding tort reform. The injuries sustained by the Plaintiff are a result of the Defendant's negligence and the defense should not be permitted to ignore the issues in this case and attack the tort system in general.

The debate surrounding tort reform is irrelevant to this case and would serve only to inflame and prejudice the jury. These references would poison this case with anti-lawsuit and anti-lawyer bias, which has been highlighted in recent corporate, media campaign and emotional propaganda. The only thing to be gained in allowing defense counsel to discuss these issues would be a concealment of the truth.  This subject applies to Trial only and not Voir Dire.

8.    **PERSONAL BELIEF OF COUNSEL**

Any reference or suggestion by defense counsel as to his or her personal belief concerning the credibility of any witnesses, or as to the merits of Plaintiff's claims, injuries, or damages.

9.    **SUPERSEDED, AMENDED, OR ABANDONED PLEADINGS**

Any reference or suggestion as to the contents of any pleadings which have been superseded by the current pleadings or the Pretrial Order on file in this case, or subsequently amended or abandoned.   Fed. R. Civ. P. 216(d)

**10.    IMPARTIALITY**

The Court should not allow any references or suggestions that the jury should extend partiality to any party in this action.

**11.    ANY REFERENCE OR SUGGESTION THAT THE JURY MUST
EXTEND SPECIAL EFFORTS TO BE FAIR AND IMPARTIAL
TO THE DEFENDANT**

Any reference or suggestion that the jury must extend special efforts to be fair and impartial to the Defendant Hospital.

**12.    EFFECT OF CLAIMS ON COSTS OR AVAILABILITY OF
MALPRACTICE INSURANCE OR MEDICINE**

Any reference or suggestion regarding the effect or results of a claim, suit or judgment upon insurance rates, premiums, or charges, either generally or as particularly applied to Defendant in this case as a result of this or any other lawsuit or claim. Likewise, references to medical malpractice verdicts leading to a shortage of medical personnel should not be allowed.

**13.    ANY REFERENCES OR REMARKS ABOUT WHY THIS CASE
HAS TAKEN SO LONG TO GET TO TRIAL**

Prevent Defendant from inferring it is Plaintiff's fault it has taken four (4) years to get this matter to trial.

14.   __EVIDENCE THAT DEFENDANTS USED THEIR BEST JUDGMENT__

The Court should prevent any evidence or testimony from Defendant that they used their "best judgment" in caring and treating decedent.   The standard of care for Defendant is set forth in PIK 4th. 123.02, a hospital has a duty to use that degree of care required for the patient's known physical and mental condition.

In *Foster v. Klaumann*, 2009 WL 2901299 (Kan. App), the Court discusses how the use of the term "best judgment" raises a concern for jury confusion. *Id.*, at 24.   "[i]t is argued that physicians' (nurses) use of their best judgment is not--nor should it be misunderstood by a trier of fact, to be – a sufficient defense against evidence of incompetence. [citation omitted in original]. *Id.*   "Because of concern of jury confusion, courts have shifted toward eliminating the best judgment standard.*"   Id., Medical Malpractice v. the Business Judgment Rule: Differences in Hindsight Bias*, 73 Or. L. Rev. 587 (1994), *citing Shumaker v. Johnson,* 571 So. 2d 991, 994 (Ala. 1990).   "In numerous cases from other jurisdictions, courts have determined that a best judgment jury instruction can confuse the jury by injecting a subjective standard into a medical malpractice case where the jury should be focused on applying an objective standard of care."   *Id.*

Because of the potential for jury confusion as to the correct standard of care, the court should not allow the use of subjective statements and comments such as the use of your best judgment.

15. **EVIDENCE OF A "LOCAL" STANDARD OF CARE**

The court should not allow any evidence or testimony of a "local" Standard of Care.  The standard of care required of a hospital, physician or chiropractor is to be determined based upon the degree of care, skill and diligence used by other similarly situated hospitals, physicians or chiropractors. PIK 4th.  123.01; PIK 4th.  123.02.  The Kansas Supreme Court has rejected the "strict locality rule".  In *Chandler v. Neosho Memorial Hospital*, 223 Kan. 1, 574 P.2d 136 (1977), the court held that "modern advances in travel, communication and publishing have narrowed the differences between the standards of care in various types of communities."  As such, the Defendant in this case should not be allowed to argue or submit evidence or testimony inferring that the standard of care is different in Hutchinson, Kansas than other parts of the state and/or country.

16. **WHAT EXPERTS WOULD DO**

The Court should exclude any evidence or testimony from any expert as to what they would or would not have done in this case, without further qualification from the expert that their actions comply or reflect the standard of care.

**17.    PRIOR LAWSUITS AGAINST EXPERTS**

Evidence of prior law suits against any expert should not be permitted.   This is irrelevant to any issue in this case; and does not have any probative value.   Fed. R. Civ. P. 401(b).

**CONCLUSION**

WHEREFORE, Plaintiff requests the above stated evidence and testimony be excluded from the trial of this matter.

Respectfully Submitted,

WARNER LAW OFFICES, P.A.

/s/ Thomas M. Warner, Jr., #12004
THOMAS M. WARNER, JR.
310 West Central, Suite 110
Wichita, KS 67202-1004
316.269.2500
316.269.1430 - fax
tom@warnerlawoffices.com

**Certificate of Service**

I hereby certify that on the 23rd day of April, 2012, I presented the foregoing to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:

Gwynne E. Birzer
Randy Troutt
HITE, FANNING & HONEYMAN L.L.P.
100 North Broadway, Suite 950
Wichita, Kansas 67202-2209

/s/    Thomas M. Warner, Jr.
THOMAS M. WARNER, JR. (#12004)
Attorney for Plaintiff