IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUSAN BAKER, INDIVIDUALLY AND ON )
BEHALF OF THE HEIRS AT LAW OF JACKIE )
L. SARFF, Deceased )
                      Plaintiffs, )
                       )
vs. ) Case No. 10-1257 KHV-DJW
                       )
PROMISE REGIONAL MEDICAL CENTER – )
HUTCHINSON, INC., f/k/a HUTCHINSON )
HOSPITAL CORPORATION, )
                      Defendant. )
_____ )

**PLAINTIFF'S SECOND MOTION IN LIMINE**

Comes now the Plaintiff and files this second Motion in Limine and moves this Court for an order to exclude cumulative experts in this medical malpractice case. In support of said motion, Plaintiff shows the court as follows:

1. Defendant has identified a total of five experts.

2. Defendant has identified two physicians that give standard of care and causation. William Pingleton, M.D. gives both standard of care and causation opinions in his report. Likewise, Ernest McClellan, M.D. gives standard of care and causation opinions in his reports.

3. Defendant has also announced their intention of calling three "unretained" nursing experts: Patricia Lisenby, L.P.N., Kathy Stoneking-Henderson, R.N. and Denise Barnes, R.N. The Defendant's naming of these three nurses as "non-retained" experts is also the subject of Plaintiff's Objection to Defendant's

Witness List (Docket 92). The Defendant states that these three nurses will testify about whether Patricia Lisenby met the standard of care in connection with the insertion of an NG tube.

4. The Defendant will attempt to have five "experts" testify about whether the standard of care was met in connection with the insertion of an NG tube and two experts testify about causation.

5. The Defendant should be precluded from calling more than one (1) expert witness to give opinion testimony regarding the standard of care or any other issue including causation on the grounds that such would be unfairly prejudicial, confuse the issues, amount to a waste of time and the needless presentation of cumulative evidence. F.R.E. 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair advantage, confusing the issues misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

WHEREFORE, Plaintiff requests the above stated evidence and testimony be excluded from the trial of this matter.

Respectfully Submitted,

WARNER LAW OFFICES, P.A.

/s/ Thomas M. Warner, Jr., #12004
THOMAS M. WARNER, JR.
310 West Central, Suite 110
Wichita, KS 67202-1004
316.269.2500
316.269-1430 - fax
tom@warnerlawoffices.com

## Certificate of Service

I hereby certify that on the 8th day of October, 2012, I presented the foregoing to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:

Gwynne E. Birzer
Randy Troutt
HITE, FANNING & HONEYMAN L.L.P.
100 North Broadway, Suite 950
Wichita, Kansas 67202-2209

/s/   Thomas M. Warner, Jr.
THOMAS M. WARNER, JR. (#12004)
Attorney for Plaintiff