# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SUSAN BAKER, INDIVIDUALLY AND ON )
BEHALF OF THE HEIRS AT LAW OF JACKIE )
L. SARFF, Deceased )
        Plaintiffs, )
           )
vs.            ) Case No. 10-1257 KHV-DJW
           )
PROMISE REGIONAL MEDICAL CENTER – )
HUTCHINSON, INC., f/k/a HUTCHINSON )
HOSPITAL CORPORATION, )
        Defendant. )
_____ )

## **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

  COMES NOW the Plaintiff, by and through her attorney, Thomas M. Warner, Jr. of WARNER LAW OFFICES, P.A., and hereby requests that the attached jury instructions be submitted to the jury herein.

              Respectfully submitted:

              WARNER LAW OFFICES, P.A.


              /s/ Thomas M. Warner, Jr. (#12004)
              THOMAS M. WARNER, JR. #12004
              Attorney for Plaintiff

**INSTRUCTION NO. _____**

PIK 4th 102.01
PIK 4th 102.02
PIK 4th 102.03
PIK 4th 102.04
PIK 4th 102.05
PIK 4th 102.09
PIK 4th 102.10
PIK 4th 102.20
PIK 4th 102.30
PIK 4th 102.50

## STIPULATIONS

The following facts have been stipulated to by the parties. You are to consider these facts as conclusively established and not controverted for purposes of your deliberations.

1. Jackie Sarff was admitted to Hutchinson Regional on August 4, 2008, for a laparoscopic assisted right colectomy due to a Grade 2, T3 adenocarcinoma of the right colon.

2. Mr. Sarff received care and treatment at Hutchinson Regional from the period of August 4, 2008, through August 17, 2008.

3. On August 12, 2008, the attending physician, Dr. Scott Clarke, ordered placement of an NG tube.

4. Pursuant to Dr. Clarke's order, nurse Patricia Lisenby attempted to place the NG tube

5. On August 12, 2008, during insertion of the NG tube, Mr. Sarff aspirated and coded.

6. Jackie Sarff (DOB 10/27/34) died on August 17, 2008, at the age of 73 while at Hutchinson Regional. At the time of his death, he was a resident of Great Bend, Barton County, Kansas.

7. Mr. Sarff's Certificate of Death states an "immediate cause of death of anoxic encephalopathy Due to (or as a consequence of) cardiopulmonary arrest".

8. Plaintiff Susan Baker is the surviving daughter of the decedent, Jackie Sarff. She was a resident of the State of Illinois at the time of Jackie Sarff's death and is presently a resident of the State of Georgia.

9. Bonnie Sarff is the surviving spouse of decedent, Jackie Sarff.

10. Patricia Lisenby is a Licensed Practical Nurse and was an employee of Hutchinson Regional during the care and treatment of Jackie Sarff at Hutchinson Regional.

3

11. Vickie Palmatier is a Registered Nurse and was an employee of Hutchinson Regional during the care and treatment of Jackie Sarff at Hutchinson Regional.

12. Defendant Hutchinson Regional is a healthcare provider under Kansas Law.

# INSTRUCTION NO. _____

Plaintiff claims the Defendant was negligent in the following particulars:

1. Allowing L.P.N. Lisenby to place an NG tube in Jack Sarff which she was not qualified to do under the hospital's patient safety rules.

2. Failing to assign a Registered Nurse to Jack Sarff for the 7-3 shift on August 12, 2008.

3. Allowing L.P.N. Lisenby to place an NG tube in Jack Sarff without the assistance or supervision of a qualified Registered Nurse as required by the patient safety rules at the hospital.

4. L.P.N. Lisenby did not tell Charge Nurse Victoria Palmatier that she did not have her competency validated for NG tube placement.

5. Charge Nurse Victoria Palmatier did not inquire if L.P.N. Lisenby was competent to place an NG tube without assistance or supervision from a qualified Registered Nurse before allowing her to attempt to place the NG tube in Jack Sarff.

6. Not properly preparing for the procedure by reviewing the medical record which documented a difficult NG tube placement on August 7, 2008 that required multiple attempts by a Registered Nurse and assistance by the Charge Nurse.

7. Not properly preparing for the procedure by taking airway suctioning equipment to the patient's room to manage the risk of gagging, vomiting and aspiration that is associated with all NG tube placements.

8. Not timely suctioning Jack Sarff's airway with a Yankeur when he started vomiting because L.P.N. Lisenby did not take airway suctioning equipment into the patient's room.

9. Not turning Jack Sarff to the side after he started vomiting to keep his airway clear.

10. L.P.N. Lisenby did not ask for assistance from other nurses when Jack Sarff started vomiting.

11. Delay in calling the Code Blue after it should have been apparent to L.P.N. Lisenby that she could not manage Jack Sarff's airway problem that was caused by her attempt to place an NG tube.

12. Failing to provide critical information to Dr. Sourk, the physician in charge of the Code Blue, that Jack Sarff's respiratory arrest was related to L.P.N. Lisenby's

attempted NG tube placement. Instead he was told that Jack Sarff was simply found sitting in his chair not breathing.

Plaintiff contends the medical care outlined above by Defendant was not standard care and the failure to provide decedent Jack Sarff with standard medical care caused or contributed to his injury and his death on August 17, 2008.

Plaintiff claims that the Defendant's negligence caused or contributed to the following injuries and damages:

**ECONOMIC DAMAGES:**

| | | |
|---|---|---|
| A. | MEDICAL EXPENSES | $ 51,340.25 |
| B. | FUNERAL EXPENSES | $ 12,739.44 |
| C. | DAMAGES OF BONNIE SARFF | $ 500,000.00 |

    a. Lost Value of Family Service
       Loss of Nurturing, Guidance & Counseling

    b. Loss of Marital Care, Attention, Advice, Counsel
       or Protection

    c. Loss of the Value of a Complete Family

| | | |
|---|---|---|
| D. | DAMAGES OF SUSAN BAKER | $ 500,000.00 |

    a. Lost Value of Family Service
       Loss of Nurturing, Guidance & Counseling

    b. Loss of Parental Care, Attention, Advice, Guidance
       or Protection

    c. Loss of the Value of a Complete Family

6

**NON-ECONOMIC DAMAGES:**

    A.    Mental Anguish, Suffering, Grief
           and Bereavement of the Heirs at Law

    B.    Loss of Society, Loss of Comfort or Loss of    $ 250,000.00
           Companionship

        **TOTAL DAMAGES**    $1,314,079.69

The Plaintiff has the burden to prove that her claims are more probably true than not true.

It is not necessary that each of you agree upon a specific claim.

**\*Plaintiff reserves the right to amend, supplement or modify based upon the evidence presented at trial**

PIK 4th 106.01(modified)

## INSTRUCTION NO. _____

If you find Plaintiff is entitled to recover damages, you should allow the amount of money that will reasonably compensate Plaintiff for the loss caused by Defendant. There are two types of damages you may award: economic and noneconomic.

**Economic damages include:**

1. As to Bonnie Sarff:

    a. Lost Value of Family Service (Loss of Nurturing, Guidance and Counseling)

    b. Loss of Marital Care, Attention, Advice, Counsel or Protection

    c. Loss of the Value of a Complete Family

2. As to Susan Baker:

    a. Lost Value of Family Service (Loss of Nurturing, Guidance and Counseling)

    b. Loss of Parental Care, Attention, Advice, Guidance or Protection

    c. Loss of the Value of a Complete Family

3. Expenses for the care of the deceased caused by the injury.

4. Reasonable funeral expenses.

For items 1 and 2 above you should allow an amount that you believe would be equivalent to the benefit Plaintiff could reasonably have expected to receive from the continued life of the deceased.

8

**Noneconomic damages include:**

1. Mental anguish, suffering, or bereavement.

2. Loss of society, loss of comfort, or loss of companionship.

For noneconomic damages there is no unit value and no mathematical formula the court can give you. You should allow an amount that you find to be fair and just under all the facts and circumstances.

You will be given a verdict form in which you must itemize the amount of damages awarded for losses to date and the amount of damages awarded for future losses.

PIK 4th 171.30 and 171.31 (modified)

**INSTRUCTION NO. _____**

During the trial, you may have heard or seen indications that the Plaintiff has Medicare and Mutual of Omaha insurance.  The existence of any insurance coverage shall not enter into your consideration or deliberations, in any fashion, when you are fulfilling your responsibility as jurors.  The law is very clear that to consider the existence of any insurance coverage is a violation of your sworn duty as jurors.  If necessary, the law provides that the court will determine at a later date, the impact the existence of insurance has on this case.

**INSTRUCTION NO.  _____**

The employer is Promise Regional Medical Center n/k/a Hutchinson Regional.  The employees are L.P.N. Lisenby and Nurse Victoria Palmatier.  If you find one or both of the employees are liable, then you must find that the employer, Promise Regional Medical Center n/k/a Hutchinson Regional, is also liable.  If you find the employees are not liable, then you must find that Promise Regional Medical Center n/k/a Hutchinson Regional is not liable.

P.I.K. 4th 107.04

**INSTRUCTION NO. _____**

Promise Regional Medical Center n/k/a Hutchinson Regional is responsible for any negligent act or omission of L.P.N. Lisenby and/or Nurse Victoria Palmatier.

If you find L.P.N. Lisenby and/or Nurse Victoria Palmatier was negligent, then you must find that the Defendant Promise Regional Medical Center n/k/a Hutchinson Regional was negligent.  But if you find L.P.N. Lisenby and/or Nurse Victoria Palmatier was not negligent, then you must find that the Defendant Promise Regional Medical Center n/k/a Hutchinson Regional was not negligent.

P.I.K. 4th 107.05

**INSTRUCTION NO. _____**

According to life expectancy tables, the life expectancy of a white male, 73 years of age, is an additional 12.05 years.

This figure is to assist you in determining the probable life expectancy of Jack Sarff as it bears on Plaintiff's future losses and damages.  It is not conclusive proof of his life expectancy, and you are not bound by it.  It is only an estimate based on average experience.  You may find that probably Jack Sarff would have lived a longer or shorter period than that given in these tables.  This figure should be considered by you along with evidence of the health, physical condition, habits, occupation, and other circumstances bearing upon his life expectancy.


PIK 4th 171.45

**INSTRUCTION NO. _____**

A hospital's duty to a patient is to use the degree of reasonable care required by that patient's known physical and mental condition.  On medical or scientific matters, a hospital's standard of reasonable care is the same care, skill, and diligence used by hospitals in the same or similar communities and circumstances.  A violation of this duty is negligence.


PIK 4th 123.02

**INSTRUCTION NO. _____**

In determining whether a nurse used the learning, skill, and conduct required, you are not permitted to arbitrarily set a standard of your own or determine this question from your personal knowledge.  On questions of medical or scientific nature concerning the standard of care of a nurse only those qualified as experts are permitted to testify.  The standard of care is established by members of the same profession in the same or similar communities under like circumstances.  It follows, therefore, that the only way you may properly find that standard is through evidence presented by Plaintiff's expert witnesses.

PIK 4th 123.10

## **VERDICT FORM**

We, the jury, impaneled and sworn in the above-entitled case, upon our oaths, do make the following answers to the questions propounded by the Court:

1.  **Do you find the Defendant, Promise Regional Medical Center n/k/a Hutchinson Regional to be at fault?**

    Yes \_\_\_\_\_        No \_\_\_\_\_

    (Proceed to question 2 only if you answered "yes" to question 1)

2.  **What damages do you find were sustained by Plaintiff:**

**ECONOMIC DAMAGES:**

    **A.**   **MEDICAL EXPENSES**                                                              $_____

    **B.**   **FUNERAL EXPENSES**                                                              $_____

    **C.**   **DAMAGES OF BONNIE SARFF**

        -Lost Value of Family Service                                                    $_____
            Loss of Nurturing, Guidance & Counseling

        -Loss of Marital Care, Attention, Advice Counsel
            and Protection                                                                    $_____

        -Loss of the Value of a Complete Family                              $_____

    **E.**   **DAMAGES OF SUSAN BAKER**

        -Lost Value of Family Service                                                    $_____
            Loss of Nurturing, Guidance & Counseling

    -Loss of Parental Care, Attention, Advice, Guidance
        or Protection       $_____

    -Loss of the Value of a Complete Family       $_____

**NON-ECONOMIC DAMAGES:**

    Mental Anguish, Suffering, Grief and Bereavement
    By Bonnie Sarff and Susan Baker       $_____

    TOTAL DAMAGES       $_____

Agreement on each of the above questions was by eight (8) jurors.

    Yes _____     No _____

                                     _____
                                     PRESIDING JUROR

                                     _____
**PIK 4th 181.04 (modified)**                 DATE